ELLEN J. EGAN, Plaintiff, *v.* THOMAS GIRAGOSIAN and Others, Defendants.

Supreme Court, Rensselaer County, July 26, 1930.

*M. A. Tierney* [*E. H. Pattison* of counsel], for the claimant Samaritan Hospital.

*Frederick C. Claessens*, for the claimant American Slicing Machine Company.

*David Rosenfeld*, for the claimant Aram Kaprelian.

McNAMEE, J.   The claimant Kaprelian has filed objections and exceptions to the report of the referee, contending that the judgment of the American Slicing Machine Company against the defendant Giragosian is void, and, therefore, not a lien on the fund in this action.   This contention is based on the fact that the judgment roll in that action, as now on file in the office of the clerk of Rensselaer county, does not contain proof of the service of the summons on the defendant Giragosian, and for that reason the court did not acquire jurisdiction to render the judgment now collaterally attacked.   To establish this fact, he presents the certificate of the county clerk that such proof cannot be found in the clerk's office.

The American Slicing Machine Company judgment recites the filing of due proof of the service of the summons and complaint on the defendant Giragosian and also the other matters authorizing the entry of judgment by default against that defendant and in favor of the American Slicing Machine Company.   An entry in the Supreme Court records in Rensselaer county, certified by the clerk of that county, is presented showing that the summons and complaint and an affidavit of service were filed in that office on the same day the judgment by default was entered.   The attorney for this judgment creditor states in his affidavit that he filed the papers constituting the judgment roll, and that it included an affidavit of service on Giragosian by a city marshal of Troy.

The objector offers no proof that such affidavit was not filed with the summons and complaint; but contends that the absence of such proof of service from the judgment roll at this time requires the court to hold that the judgment is void within the intent of section 486 of the Civil Practice Act and rule 202 of the Rules of Civil Practice.   While the section mentioned provides that proof

of service must be filed if the defendant has made default in appearing, and the rule provides that the judgment roll must contain the papers so filed, yet there is no provision and no inference is justified that a loss or withdrawal of such papers from the judgment roll, when once filed and enrolled, will nullify the judgment.

It is undoubtedly true that the claimant Giragosian could collaterally and successfully attack the judgment in question in this proceeding by adequate proof that proof of service was never filed and placed in the judgment roll, and that judgment by default was in fact entered without proof of service of the summons and complaint (or the summons and notice); yet he may not do this by a mere showing that such proof of service was absent from the judgment roll six years after judgment, especially in view of the recitals that appear in the judgment itself and in the records of the court, supplemented as they are by the affidavit of the attorney at whose instance the judgment was entered. The proof required to overcome the presumption that exists in favor of the jurisdiction of a court of general jurisdiction must be clear and explicit, and such proof has not been presented here. The report should be confirmed.

An order may be entered accordingly.